*262 ORDER OF REMAND
CARY P. Si'Ll.IVAN. Chief Justice.
William Ealls Down Sr., biological father of F.F.D. (d.o.b.7/8/86), C.F.D. (d.o.b.7/22/88), P.F.D. (d.o.b.8/19/89), and W.F.D. (d.o.b.6/4/91), filed a timely pro se Petition for Review on June 6, 2002, from an Order, dated May 17, 2002, the Honorable Marvin Youpee, presiding. The Court’s order raised appellant’s child support payment from $375.00 per month to $300.00 bi-weekly. Appellant contends that the award of $300.00 bi-weekly is not supported by substantial evidence; that the Tribal Court failed to make factual findings to support its order; that the Tribal Court erroneously cited a 1997 child support order as the existing order when, in fact, the 1997 order had been superseded by a 2000 child support order; that the Tribal Court failed to address evidence he submitted; that the Tribal Court diserimi-natorily considered evidence of appellant’s present wife’s earnings, however, did not consider earnings of appellee’s common law husband; that in view of the various cited errors, the appellant concludes that the Tribal Court did not properly review appellant’s documentary evidence; and finally, that Judge Youpee was prejudiced against appellant due to a prior, personal incident.
A review of the record reveals that a default judgment was entered against appellant on June 3, 1996, ordering $800.00 per month for child support. On September 12, 1996, appellant filed a Request to Modify the default child support award. On January 17, 1997, the Tribal Court modified the award to $250.00 biweekly. On January 12, 2000, the Tribal Court further reduced child support to $375.00.
After a procedural preamble, the Tribal Court’s May 17, 2002, order reads:
“Based on the testimony at the hearing and the documents produced as evidence the Court renders the following order:
Pursuant to Title X, Chapter 3, Sections 304 & 304a, C.C.O.J. and based on the documents and testimony presented as evidence, (sp.) The Court does find sufficient reason to justify granting the petition and modifying the previous order at this time.
Therefore, the previous order of $250.00 bi-weekly child support is increased to the amount of $300.00 bi *263 weekly, and shall begin with the June payments and continue thereafter until further amended, vacated or acted upon by this Court.”
In Owens v. Matthews, FPCOA # 336, 2000 WL 35716694, 2 Am. Tribal Law 215 (2000) we stated:
“To comport with the requirements of § 304b, our Tribal Courts must make findings that reflect the factual basis for their ‘bottom line’ decisions. In doing so, the Court should set forth the occasion that brings the matter to the Court’s attention (i.e. a non-custodial parent’s petition for custody, etc.), brief basic facts about the children in controversy, a brief history of the living conditions and environment of those children immediately prior to the matter coming before the Court, the legal custodial status of the children immediately prior to the pending-petition, as much relevant information regarding the adult litigants as is available, as well as all of the elements of ‘best interests of the child’ set forth in as much detail as necessary to place the litigants on notice of how and why the Court made its decision.” (at page 4)
The principles this Court set forth in Owens regarding § 304b, apply with equal force to § 304 and § 304a. Regarding those principles, the Tribal Court’s order of May 17, 2002, fails on all counts. To enumerate each and every specific factual (finding the Tribal Court failed to make ¡⅛: merely belabors the issue. As shown on the face of the order, the Tribal Court made no attempt to make any specific factual finding other than the amount of a previous order of $250.00 bi-weekly child support. Regrettably, even that finding is in error in that the referenced: order of $250.00 bi-weekly child support dated January 17, 1997, was superseded by a Tribal Court order dated January 12, 2000. The January 2000 order reduced the amount of child support from $250.00 bi-weekly to $375.00 per month. Thus, the existing amount of child support was $375.00 per month, not $250.00 bi-weekly.
The principles in Owens are not abstract rules which may or may not apply to a given custodial and/or support situation. Rather, they are guiding principles that lay a sound foundation for future action by the Court and the litigants. Indeed, they are necessary elements of any child custody or child support order. In In re: J.B., FPCOA #316, 2001 WL 36152111, 3 Am. Tribal Law 309 (2001), we noted their practical application
“If either parent were to petition for modification of this Order, upon what basis would the Court then hearing the matter establish whether there has been a ‘substantial change of circumstances’ ”? inasmuch as this Order is silent as to the “physical, emotional and financial’ conditions immediately preceding, and at the time of, its order, how could anyone determine whether there had been a ‘change of circumstances’ at any time?” (id. at page 6)
As can be seen, the Tribal Court’s order is void of any specificity regarding the “documents and testimony presented as evidence” that would support its finding that “sufficient reason (exists) to justify ... modifying the previous order at this time.” Further, the Tribal Court mistakenly used an amount of child support from a ‘previous order’ that had been superseded. Specifically, rather than to use the existing amount of child support (i.e. $375.00 per month) from the most recent order of January 12, 2000, the Tribal erroneously used $250.00 bi-weekly payment from an order issued January 17, 1997. Thus, the order is defective on its face and cannot stand.
*264 Finally, when ordering child support payments on behalf of multiple children, the Tribal Court must specify the amount per child. Failure to do so creates confusion when one of the children reaches majority or when the non-custodial parent is no longer required to pay on behalf of a given child.
IT IS NOW THEREFOR THE ORDER OF THIS COURT:
The order of May 17, 2002, is vacated and the matter is remanded to the Tribal Court for further proceedings consistent with this Order